## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **BELAIR ELECTRONICS, INC.,** | |
| **Plaintiff,** | **Case No.: 1:26-cv-00011** |
| **v.** | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | |
| **Defendant.** | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") complains of Defendant Google LLC ("Google" or "Defendant") as follows:

### NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.      Plaintiff BelAir Electronics, Inc. is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3.      BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as Exhibit A) and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as Exhibit B) (collectively, the "Asserted Patents").

4.      BelAir has the exclusive right to license, enforce and collect all past damages for infringement of the Asserted Patents for the period starting six years prior to the filing date of this suit (January 5, 2020) through the expirations of the Asserted Patents. BelAir also has standing to sue for infringement of the Asserted Patents.

5.      The Asserted Patents' claims are currently being challenged at the United States Patent and Trademark Office ("USPTO") pursuant to *ex parte* reexamination ("EPR") proceedings filed by a third party. Accordingly, BelAir brings this action to preserve remaining damages under the Patents Act, but intends to promptly seek stay of these proceedings until resolution of the EPRs.

6.      Upon information and belief, Defendant Google LLC is the company that owns and operates the store.google.com domain.

7.      Defendant is a seller and distributor of mobile device cases for the "Google" branded "Pixel" phone cases.

8.      Upon information and belief, Defendant has numerous offices in Texas with a location in Austin, Texas:



(See, https://about.google/company-info/locations/, giving an address of 500 W 2nd St, Austin, TX 78701, last accessed on December 18, 2025). Upon information and belief, Defendant is hiring for numerous positions in the area in and around Austin, Texas:



(See,

https://www.google.com/about/careers/applications/jobs/results/?q=&location=Austin%2C+TX

%2C+USA&hl=en-US, showing 103 jobs for Google in Austin, TX, last accessed on December

18, 2025). Additionally, Defendant Google LLC is registered to do business in Texas and has a

registered agent located in Texas incident to such registration:



(See, https://direct.sos.state.tx.us/acct/acct-login.asp, last accessed on December 19, 2025 – Texas Secretary of State registration data).

9.      In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied Defendant's publicly-available product literature and, among other things, purchased "Google Pixel 5a (5G) Case - Likely Lime," "Google Pixel 6 Case - Cotton Candy," and "Google Pixel 5 Case - Basically Black" cases for assessment as representative of Defendant's infringing products (as identified in Exhibit C and detailed further below). The infringing products detailed, and all substantially similar products, are collectively referred to as the "Accused Products" as detailed further below.

10.     Defendant primarily advertised and sold Accused Products online (see https://store.google.com/ and related urls in the store.google.com domain) and which were available to customers in this Judicial District and at brick and mortar retail stores including those located in this Judicial District.

11.     Defendant offered for sale and sold the Accused Products for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

12.     BelAir's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. This Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     Defendant owns and operates facilities in Texas, otherwise conducts business in Texas, and directs advertisements at residents of Texas – including with respect to products covered by claims of the Asserted Patents – and throughout the United States including this Judicial District.

14.     Defendant is a registered Texas Foreign Limited Liability Company currently doing business in this Judicial District. Defendant has purposefully availed itself of the privilege of conducting business with residents of this Judicial District, has purposefully reached out to residents of this Judicial District, and has established sufficient minimum contacts with the State of Texas such that it should reasonably and fairly anticipate being haled into court in Texas and this Judicial District.

15.     Personal jurisdiction over Defendant is proper in this Court because Defendant (a) is registered to do business in Texas with a registered agent located in Texas incident to such registration; (b) maintains offices in Texas; (c) has minimum contacts with the State of Texas; and (d) has purposefully availed itself of the privileges of conducting business in the State of Texas.

16.     Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b), (c) and 28 U.S.C. § 1400(b) because Defendant resides in this Judicial District and/or has committed acts of infringement and has a regular and established place of business.

## THE ACCUSED PRODUCTS

17.     Defendant has infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendant's protective masks for mobile devices (the "Accused Products").

18.     As presently advised, the Accused Products include at least the following categories of protective masks for mobile devices ("Case Styles") for "Google" branded "Pixel" phone cases: Pixel [Model #] Case and Pixel [Model #] Fabric Case. (See Exhibit C; https://store.google.com/ and related urls in the store.google.com domain).

19.     As presently advised, the Accused Products include protective masks for at least the following mobile devices: Google Pixel 3; Google Pixel 3 XL; Google Pixel 3a; Google Pixel 3a XL; Google Pixel 4; Google Pixel 4 XL; Google Pixel 4a; Google Pixel 4a (5G); Google Pixel 5; Google Pixel 5a (5G); Google Pixel 6; Google Pixel 6 Pro; Google Pixel 6a; Google Pixel 7; and Google Pixel 7 Pro. (See Exhibit C; https://store.google.com/ and related urls in the store.google.com domain).

20.     The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange or retainer (as recited in the asserted claims, *infra*). Upon information and belief, such a flange is indicated by the marking(s) in the illustrations hereinbelow. The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile device, working together to provide non-permanent, temporary protection to the mobile device. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs, as well as protective masks

that have patterns, nameplates, type, text, or graphic elements. See Exhibit C for exemplary photos for all categories of Defendant's Case Styles. Below are pictures of representative Accused Products.















Google        Pixel        5a        (5G)        Case        -        Likely        Lime:

https://web.archive.org/web/20210913075916/https://store.google.com/product/pixel_5a_5g_cas

e?hl=en-US. (See Exhibit C and pictures of representative products).











Google          Pixel     6     Case      -     Cotton     Candy:
https://web.archive.org/web/20211020215002/https://store.google.com/product/pixel_6_case?hl
=en-US. (See Exhibit C and pictures of representative products).















Google         Pixel        5        Case        -        Basically        Black:
https://web.archive.org/web/20201029083223/https://store.google.com/product/pixel_5_case_fabric and https://www.ebay.com/itm/187821784540. (See Exhibit C and pictures of representative products).

21.    The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringed, any asserted claim of the Asserted Patents whether sold directly or via other online marketplaces or brick and mortar retail stores.

22.    After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

## <u>INFRINGEMENT BY DEFENDANT</u>

### <u>COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195</u>

23.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.    Defendant directly infringed at least independent Claim 9 of the '195 Patent (prior to its expiration on or about November 16, 2022).

### <u>CLAIM 9</u>

25.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '195 Patent.

26.    Specifically, the Accused Products comprised:

  a.    a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

  b.    the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

27.    To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '195 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '195 Patent.

28.    Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676**

29.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 22, inclusive, as though fully set forth herein.

30.    Defendant directly infringed at least independent Claims 1, 5, 8, and 9 of the '676 Patent (prior to its expiration on or about October 23, 2021).

## <u>CLAIM 1</u>

31.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of Claim 1 of the '676 Patent.

32.    Specifically, the Accused Products comprised:

    a.    an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

    b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface

of the integrally-formed mask body and the exterior shape of the exterior housing;

c.    at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

d.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

33.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 2, 3, and 4 of the '676 Patent.

**CLAIM 5**

34.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of Claim 5 of the '676 Patent.

35.    Specifically, the Accused Products comprised:

a.    an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and

c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

36.    As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 6 and 7 of the '676 Patent.

**CLAIM 8**

37.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the

circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of Claim 8 of the '676 Patent.

38.    Specifically, the Accused Products comprised:

a.    an integrally-formed mask body molded to conform to a shape of the exterior housing;

b.    inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

c.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

## CLAIM 9

39.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprised a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device

having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of Claim 9 of the '676 Patent.

40.     Specifically, the Accused Products comprised:

a.     an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

b.     at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

c.     at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

41.     As presently advised, one or more Accused Products also likely satisfied the limitations of, and infringed, dependent Claims 10, 11, and 12 of the '676 Patent.

42.     To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287. Further, in instances wherein BelAir has granted rights to third parties prior to expiration of the '676 Patent, BelAir is not aware of any such third party failing to comply with its respective marking obligation prior to expiration of the '676 Patent.

43.     Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court to enter judgment against Defendant Google LLC – and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it – granting the following relief:

A.     The entry of judgment in favor of Plaintiff and against Defendant;

B.     An award of damages against Defendant adequate to compensate Plaintiff for the infringement that occurred from at least January 5, 2020, through expirations of the Asserted Patents, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

C.     Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: January 5, 2026

Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller 3125265(IL)
HALLER LAW PLLC
230 E Delaware Pl, Ste 5E
Chicago, IL 60611
Phone: (630) 336-4283
haller@haller-iplaw.com

***Attorney for Plaintiff,***
***BelAir Electronics, Inc.***